UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONNIE LEE DUNAGAN,                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:20-cv-00520-TSL-RPM

BILLY SOLLIE, ET AL.,                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

On August 10, 2020, *pro se* plaintiff Ronnie Lee Dunagan ("plaintiff") filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at Lauderdale County Detention Facility in violation of his Fourteenth Amendment rights. Doc. [1]. On October 7, 2020, the plaintiff was granted *in forma pauperis* status. Doc. [5]. After briefly dismissing his case, the plaintiff's case was reopened on December 7, 2020. Doc. [7–9]. After waiving service of process, Doc. [13–14], defendants Billy Sollie and Major Melissa McCarter (collectively, "defendants") filed an Answer on December 30, 2020, Doc. [15].

On February 5, 2021, the Court set the matter for a screening hearing to be conducted on April 16, 2020 at 10:30 AM and mailed a Notice of the hearing to the plaintiff at his address of record: Lauderdale County Detention Center, 2001 5th Street, Meridian, MS 39301. Doc. [16–17]. Mail sent to the plaintiff has been returned as "Undeliverable" since February 22, 2021. Doc. [18, 19]. Since filing his Complaint, the plaintiff has not submitted a change of address with the Court. Nor has the plaintiff filed any pleading with the Court since moving to reopen his case on November 20, 2020. Doc. [8].

On April 16, 2021, the Court came to order at the appointed time and announced the plaintiff's case. Counsel for defendants was present; however, the plaintiff did not appear for the hearing.

1

The plaintiff's name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call the plaintiff's name three times as well but received no response. Based on the plaintiff's failure to maintain a current address and failure to appear for the hearing, the Court finds that the plaintiff no longer demonstrates an interest in prosecuting his claims. Fed. R. Civ. P. 41(b). *See also McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that plaintiff Ronnie Lee Dunagan's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which

there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 26th day of April 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE